UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| LEEANN TRUJILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-885 |
| | ) |
| AMERICAN AIRLINES, | ) |
| ROBERT CONWELL, and CHARLEY | ) |
| STEWART | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C. §1441(b) [DIVERSITY]**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446, Defendants AMERICAN AIRLINES, INC. ("American Airlines"), ROBERT CONWELL ("Conwell"), and CHARLEY STEWART ("Stewart" and, together with American Airlines and Conwell, "Defendants"), by and through their undersigned counsel, hereby remove this action from the Thirteenth Judicial District Court of New Mexico, County of Valencia to the United States District Court for the District of New Mexico. The grounds for removal are as follows:

**PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL**

1.      Plaintiff Leeann Trujillo ("Trujillo" or "Plaintiff") filed this action in the Thirteenth Judicial District Court of New Mexico on March 20, 2019, and served the summons and Complaint on American Airlines on March 26, 2019 and on Stewart on September 19, 2019.

2.      Plaintiff named Conwell as a defendant in the litigation, but she has not effectuated service of process on Conwell. See NMRA, Rule 1-004(E)(3), (F) (setting forth service requirements).

1

3. Copies of all process, pleadings and orders served upon American Airlines and Stewart in the state court action are attached hereto as Exhibits 1 and 2, respectively.

4. On August 23, 2019, American Airlines received Plaintiff's Responses to Defendant's First Set of Requests for Admission, in which Plaintiff indicated that she seeks more than $75,000 in this action, exclusive of interest and costs. (See Plaintiff's Responses to Defendant's First Set of Requests for Admission are attached hereto as Exhibit 3.)

5. This Notice of Removal is timely filed within thirty days after receipt of Plaintiff's Responses to Defendant's Requests for Admission, which indicated that the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants thus timely removed within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## JURISDICTION

6. This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### Diversity of Citizenship

7. Plaintiff is a citizen of the State of New Mexico. (See Compl. ¶ 5.)

8. Defendant American Airlines is a Delaware corporation that maintains its principal place of business in Texas. (See Declaration of Caroline Ray, attached hereto as Exhibit 4, at ¶ 3.) Accordingly, American Airlines is a citizen of Delaware and Texas. See 28 U.S.C. § 1332(c)(1).

9. Although Defendants Stewart and Conwell are New Mexico citizens, their citizenship should be disregarded because they were fraudulently joined. Joinder is fraudulent


where there is either: (1) "actual fraud in the pleading of jurisdictional facts," or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Long v. Halliday, 768 F. App'x 811, 814 (10th Cir. 2019) (quoting Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013)).

10. In the Complaint, Plaintiff purports to assert causes of action against Stewart and Conwell for employment discrimination under the New Mexico Human Rights Act. (Compl. ¶¶ 11-16.) As a prerequisite to bringing such a cause of action, however, a plaintiff must timely exhaust administrative remedies by filing an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") or the New Mexico Department of Workforce Solutions ("NMDWS") within 300 days of the alleged discriminatory act. N.M. Stat. Ann. § 28-1-10(A); Burke v. TSG Res., Inc., No. 17-CV-926 JCH-SCY, 2018 WL 6331804, at *5 (D.N.M. Dec. 4, 2018) ("The NMHRA requires that a charge of discrimination be filed within 300 days of the alleged unlawful employment practice.").

11. Trujillo filed a charge of discrimination with the EEOC and the NMDWS against American Airlines only; she did not file a charge of discrimination against Stewart or Conwell. (See Declaration of Lauren G. Goetzl, attached hereto as Exhibit 5, at ¶ 3, Charge of Discrimination attached thereto as Exhibit A.) Although Trujillo has asserted that she filed an amended charge of discrimination with the NMDWS adding Stewart and Conwell as respondents, the state agency has confirmed that no such amended charge was filed. (See Goetzl Decl., ¶ 4, 5/16/2019 Email attached thereto as Exhibit B.)

12. Trujillo's failure to exhaust administrative remedies with respect to Stewart or Conwell precludes her employment discrimination claims against them. See Muffoletto v. Christus St. Vincent Reg'l Med. Ctr., 157 F. Supp. 3d 1107, 1115 (D.N.M. 2015) (noting that "a

plaintiff must exhaust her administrative remedies *as to each individual Defendant* prior to bringing a civil action" and dismissing "NMHRA claims against those individual Defendants not named in the Charge of Discrimination that serves as predicate to this suit."). Accordingly, Trujillo cannot establish a cause of action against Stewart or Conwell, they were fraudulently joined, and their citizenship may be disregarded for purposes of assessing diversity jurisdiction in this case.

13. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## Amount in Controversy Exceeds Jurisdictional Requirements

14. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

15. Plaintiff admits that she seeks more than $75,000, exclusive of interest and costs. Accordingly, the amount in controversy exceeds the diversity jurisdiction threshold.

## OTHER PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the District of New Mexico is the appropriate court to which to remove this action from the Thirteenth Judicial District Court of New Mexico, County of Valencia, where the action was filed.

17. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Thirteenth Judicial District Court of New Mexico, County of Valencia and served on Plaintiff's counsel of record.

WHEREFORE, Defendants respectfully request that this Notice of Removal be accepted as sufficient for removal of this action to this Court.

        MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Jennifer G. Anderson*
Jennifer G. Anderson
500 Fourth Street NW (87102)
P. O. Box 2168
Albuquerque, NM 87103
(505) 848-1800 / Fax (505) 848-9710
*janderson@modrall.com*

and

Daniel E. Farrington
Lauren G. Goetzl
Fisher & Phillips LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
(301) 951-1538 / Fax (301) 880-5031
*dfarrington@fisherphillips.com*
*lgoetzl@fisherphillips.com*

*Attorneys for Defendants*

I HEREBY CERTIFY that on the 23rd day of September, 2019, I filed the foregoing electronically through the CM/ECF system.

AND I FURTHER CERTIFY that on such date I served the foregoing on the following CM/ECF Participants by email

Timothy White, Attorney for Plaintiff (*tim@valdezwhite.com*)

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A.

By: */s/ Jennifer G. Anderson*
     Jennifer G. Anderson

Y:\dox\client\10096\0001\DRAFTS\W3516594.DOCX