IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEEANN TRUJILLO,

      **Plaintiff,**

    **vs.**                                    Civ. No. 19-885  MV/JFR

AMERICAN AIRLINES,

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte*.  The Court must decide if the time has come to dismiss this lawsuit due to Plaintiff's failure to prosecute her case.  Because the Court has repeatedly warned Plaintiff that her case could be dismissed unless she made an effort to prosecute the case, and because Plaintiff has failed to heed such warnings, and because no indication exists that Plaintiff will attempt to prosecute her case in the future, the undersigned recommends that the Court enter an Order dismissing this case for failure to prosecute.

## PROCEDURAL HISTORY

Plaintiff filed this employment discrimination lawsuit under the New Mexico Human Rights Act against her former employer, American Airlines, Inc., and two individual defendants, Robert Conwell and Charley Stewart, alleging that they discriminated against her on the basis of sex and pregnancy.  Doc. 1-1.  Plaintiff began this case in New Mexico state court on March 20, 2019.  *Id.*  On September 23, 2019, Defendants removed this action to federal court on the basis

of diversity jurisdiction.[1]  Doc. 1.  On November 15, 2019, the Court entered a scheduling order

and set a settlement conference.[2]

On February 25, 2020, Plaintiff's counsel filed a Motion to Withdraw as Attorney

("Motion").  Doc. 21.  On February 27, 2020, the Court scheduled a telephone status conference

for March 4, 2020.  Doc. 23.  At the telephone status conference, the Court addressed the Motion

and inquired whether Plaintiff had been served with the Motion.  Doc. 24.  Attorney Timothy

White informed the Court that he had emailed the Motion to Plaintiff, but that Plaintiff had not

responded.  *Id.*  Mr. White also stated that he had sent the Motion by registered mail to Plaintiff,

but was notified by the post office that Plaintiff, although notified, had refused to sign for the

delivery.  *Id.*  Mr. White informed the Court that in fact all of his attempts to communicate with

Plaintiff had been unsuccessful.  *Id.*  The Court advised Plaintiff's counsel that it was hesitant to

move forward on the Motion absent some assurance that Plaintiff had received adequate notice

of counsel's intent to withdraw.  *Id.*  Mr. White agreed to personally serve Plaintiff and would

file a notice with the Court when that had been accomplished.  *Id.*  On March 4, 2020, the Court

entered an Order Staying Discovery pending resolution of the Motion.  Doc. 25.

On April 1, 2020, Plaintiff's counsel filed a Notice of Service certifying that on

March 12, 2020, Plaintiff had been served *via* process server and by email with the Motion.

Doc. 27.  The Motion explicitly provided notice to Plaintiff that her failure to object within

---

[1] In its Notice of Removal, Defendants stated that although Defendants Stewart and Conwell are New Mexico citizens, their citizenship should be disregarded because they were fraudulently joined.  Doc. 1 at 2.  Shortly after removal, Defendants Conwell and Stewart filed motions to dismiss (Docs. 8, 9) and, on November 8, 2019, the Court dismissed them based on Plaintiff's failure to exhaust administrative remedies.  Doc. 15.

[2] Plaintiff's Expert Disclosures were due by 01/06/2020; Defendant's Expert Disclosures were due by 02/06/2020; Discovery was due by 03/06/2020; Discovery Motions were due by 05/01/2020; Pretrial Motions were due by 05/15/2020; and the Pretrial Order was due by 06/29/2020 (Plaintiff to Defendant) and 07/13/2020 (Defendant to the Court).  Doc. 17.  A Settlement Conference was scheduled for 04/06/2020.  Doc. 18.

fourteen (14) days would constitute her consent to the grant the Motion.[3]  *Id.*  There being no objections, the Court entered an Order granting Plaintiff's counsel's Motion on April 1, 2020, and instructed the Clerk of the Court to indicate that Plaintiff was proceeding *pro se* and to include her mailing address on the docket as indicated in the Motion.  Doc. 28.  The Court also directed the Clerk of the Court to mail a copy of the Order to Plaintiff at her address of record. *Id.*

On April 3, 2020, the Court entered an Order Setting Telephone Status Conference for April 20, 2020.  Doc. 30.  The Court mailed the Order to Plaintiff at her address of record.  *Id.* At the appointed date and time, Jennifer Anderson appeared on behalf of Defendant.  Doc. 31. Plaintiff *pro se* failed to appear.[4]  *Id.*  The Court instructed defense counsel to attempt to contact Plaintiff and determine whether she was prepared to move forward with her case.  *Id.*  The Court also advised defense counsel that it would schedule another telephone status conference after defense counsel and/or the Court had had contact with Plaintiff.  *Id.*  Finally, the Court entered an Order to Show Cause ordering Plaintiff to show cause in a written response by May 8, 2020, why she should not be sanctioned for noncompliance with the Court's Order, and notifying her that her failure to comply with the Order to Show Cause would constitute an independent basis for sanctions, including dismissal of her action for want of prosecution.  Doc. 32.  The Court mailed the Order to Show Cause to Plaintiff at her address of record.  *Id.*

---

[3] Local Rule 83.8(b) provides that at attorney must give notice in a motion to withdraw that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion.  D.N.M.LR-Civ. 83.8(b).

[4] The telephone status conference was on the record and can be found on the Liberty Recorder at ABQ-MJ7thFloorSouth_20200420_145947.dcr.

On May 12, 2020, the Court entered an Order and Amended Order Setting Telephone Conference for May 20, 2020.[5]  Docs. 33, 34.  The Court mailed the orders to Plaintiff at her address of record.  *Id.*  On May 15, 2020, defense counsel filed a Certificate of Service certifying that she mailed and emailed the Amended Order Setting Telephone Status Conference to Plaintiff.  Doc. 35.  At the appointed date and time, Jennifer Anderson and Daniel Farrington appeared on behalf of Defendant.  Doc. 36.  Plaintiff *pro se* appeared.[6]  *Id.*  The Court inquired why Plaintiff had failed to appear at the previous telephone status conference and failed to respond to the Order to Show Cause.  *Id.*  Plaintiff explained that she had not received the notice of the previous telephone status conference or the Order to Show Cause.[7]  *Id.*  Plaintiff also explained that she was attempting to retain new counsel to assist in prosecuting her case.  *Id.*  The Court explained to Plaintiff that in the meantime she was proceeding *pro se* and that she was obligated to prosecute her case and follow the same federal and local rules of civil procedure that govern all litigants.  *Id.*  Having then heard from the parties, the Court advised the parties that it would continue the stay of discovery to give Plaintiff an additional thirty days to retain new counsel.  *Id.*  The Court, however, warned Plaintiff that if new counsel had not entered an appearance within thirty days, that she would be required to appear and proceed on her own in

---

[5] The Court entered an Amended Order Setting Telephone Conference amended only to correct a date in the original order.  Doc. 34.

[6] The telephone status conference was on the record and can be found on the Liberty Recorder at ABQ-MJ7thFloorSouth_20200520_085542.dcr.

[7] The Court notes that the April 3, 2020, Order Setting Telephone Status Conference (Doc. 30), the Order to Show Cause (Doc. 32), and the May 12, 2020, Amended Order Setting Telephone Status Conference (Doc. 34), were all mailed to the same address of record and that Plaintiff appeared at the May 20, 2020, telephone status conference based on the May 12, 2020, Amended Order Setting Telephone Conference (Doc. 34).  Doc. 36.  Additionally, defense counsel disputed Plaintiff's representations to the Court regarding her lack of receipt of the Order to Show Cause and argued that Ms. Trujillo had, in fact, acknowledge receipt of the Order to Show Cause to defense counsel in an email communication between the parties.  *Id.*

prosecuting her case.  *Id.*  The Court also warned Plaintiff that her failure to do so could result in sanctions.  *Id.*  Plaintiff acknowledged her understanding on the record.  *Id.*  Having also heard from the parties on the Order to Show Cause, the Court quashed the Order to Show Cause.  *Id.* The Court verified Plaintiff's contact information, which was different from what appeared on the record.  *Id.*  The Court instructed the Clerk's Office to update the docket with Plaintiff's most recent contact information.  *Id.*

On May 20, 2020, the Court issued an Order Setting Telephone Status Conference for 9:30 a.m. on June 19, 2020.  Doc. 37.  The Court mailed the Order to Plaintiff's address of record.  *Id.*  The Court ordered all parties to appear.  *Id.*  At the appointed date and time, Jennifer Anderson appeared on behalf of Defendant.  Doc. 39.  Plaintiff *pro se* failed to appear.[8]  *Id.* Defense counsel provided the Court with a phone number for Plaintiff and the Court attempted to reach Plaintiff by phone.  *Id.*  The call went directly to voice mail and the Court left a message. *Id.*  The Court then advised defense counsel that it would consider its course of action in light of Plaintiff's failure to appear.  *Id.*  Later in the day in response to the Court's voice mail, Plaintiff contacted chambers and explained that she had not received notice of the telephone status conference.  *Id.* at n. 1.  Indeed, in reviewing the electronic receipt of its notification, the Court found that the May 20, 2020, Order Setting Telephone Conference had been mailed to Plaintiff's previous mailing address.  *Id.*  The Court, therefore, rescheduled the telephone status conference for June 25, 2020, and the Court mailed a copy of the Order to Plaintiff's current residential and email addresses.  Doc. 40.  The Court also, as a courtesy, notified Plaintiff and defense counsel *via* email that the telephone status had been set for June 25, 2020, at 4:00 p.m., and provided call

---

[8] The telephone status conference was on the record and can be found on the Liberty Recorder at ABQ-MJ7thFloorSouth_20200619_093025.dcr.

in instructions to connect to the proceedings.  Additionally, on June 23, 2020, defense counsel filed a Certificate of Service certifying that she mailed and emailed the Order Setting Telephone Status Conference for June 25, 2020, to Plaintiff.  Doc. 35.

On the morning of the scheduled telephone status conference, June 25, 2020, the Court telephoned Plaintiff at 8:05 a.m.   The call went directly to Plaintiff's voicemail and the Court left a message reminding Plaintiff that the telephone status conference was scheduled for that day at 4:00 p.m.  At the appointed time, Jennifer Anderson and Daniel Farrington appeared on behalf of Defendant.  Doc. 42.  Plaintiff *pro se* appeared.[9]  Doc. 42.  Plaintiff informed the Court that she had spoken with the Gilpin Law Firm and was in the process of making arrangements to pay the retainer necessary for retaining them as counsel.  *Id.*  Although Defendant made certain objections on the record regarding yet another delay in moving the case forward, the Court agreed to give Plaintiff an additional fourteen days to complete her arrangements with the Gilpin Law Firm and have counsel enter an appearance on her behalf.  *Id.*  The Court advised Plaintiff that the failure of counsel to enter an appearance on her behalf within fourteen days would leave her with the decision to either proceed *pro se* or dismiss her case because the Court would not allow the case to remain unprosecuted.  *Id.*  Plaintiff acknowledged her understanding.  *Id.*

On June 25, 2020, the Court entered an Order Setting Telephone Status Conference for July 10, 2020 at 3:00 p.m.  Doc. 43.  The Court mailed a copy of the Order to Plaintiff at her residential and email addresses of record.  *Id.*  At the appointed date and time, Jennifer Anderson and Daniel Farrington appeared on behalf of Defendant.  Doc. 44.  Plaintiff *pro se* failed to

---

[9] The telephone status conference was on the record and can be found on the Liberty Recorder at ABQ-MJ7thFloorSouth_20200625_155945.dcr.

6

appear.[10]  *Id.*  No attorney from the Gilpin Law Firm has entered their appearance on Plaintiff's behalf.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize a district court to impose sanctions, including dismissal of a case, for a party's failure to comply with court orders and discovery requirements set by local and federal rules.  Specifically, Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10ᵗʰ Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal citation omitted).  As the Tenth Circuit has emphasized, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10ᵗʰ Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10ᵗʰ Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009)  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d

---

[10] The telephone status conference was on the record and can be found on the Liberty Recorder at ABQ-MJ7thFloorSouth_20200710_145938.dcr.

1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  *Id.* at 1162.  " 'These criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.' " *Id.* (quoting *Olsen*, 333 F.3d at 1204)(internal quotations marks omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (same) (hereinafter "*Ehrenhaus* factors")).  This court also has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.  *AdvantEdge Bus. Grp*., 552 F.3d at 1236 (citing *Gocolay v. N.M. Fed. Sav. & Loan Ass'n,* 968 F.2d 1017, 1021 (10th Cir.1992)); *see also Sheridan v. U.S*., 252 F. App'x 937, 939 (10th Cir. 2007) (unpublished) (citing *Brown v. King*, 250 F. App'x 28, 29, (5th Cir. 2007) (citing *Berry v. Cigna/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)) ("The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice.").

### *EHRENHAUS* ANALYSIS

It is appropriate for this Court to recommend *sua sponte* dismissal because Plaintiff has failed to prosecute her case or to comply with several of the Court's orders.  Fed. R. Civ. P. 41(b); *Olsen,* 333 F.3d at 1204 n.3.  However, because the statute of limitations in this case would bar re-prosecution of this action, a dismissal under Rule 41(b) without prejudice has the

effect of a dismissal with prejudice.[11]  *Sheridan,* 252 F. App'x at 939.  As such, the scope of the

Court's discretion is narrower and requires consideration of the *Ehrenhaus* factors.  *Nasious*, 492

F.3d at 1162.  Here, an analysis of the *Ehrenhaus* factors favors dismissal.

### A.    <u>Prejudice to the Opposing Party</u>

Plaintiff initiated this case in state court on March 20, 2019.  Doc. 1-1.  It was not

removed to this Court until six months later on September 23, 2019, after which the two named

individual Defendants were dismissed on November 8, 2019, as improperly joined based on

Plaintiff's failure to exhaust administrative remedies.  Docs. 1, 15.  The Court entered a

scheduling order on November 15, 2019, and by agreement of the parties this case was placed on

a 120-day track and discovery was set to close on March 6, 2020.  Doc. 17.  It was near the close

of the discovery, on February 25, 2020, when Plaintiff's counsel moved to withdraw.  Doc. 22.

The case then essentially stopped in its tracks because Plaintiff failed to respond to her counsel's

multiple attempts to serve her with the Motion to Withdraw.  In the meantime, on March 4, 2020,

the Court entered an order staying discovery in light of the settlement conference that was

scheduled to take place on April 6, 2020, which could not proceed given the pending Motion.

---

[11] New Mexico law is clear that the failure to file an appeal of the Human Rights Commission's determination of the NMHRA violation within ninety (90) days is fatal to a plaintiff's claim.  *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, 127 N.M. 282, 287, 980 P.2d 65, 70 ("[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the [Human rights Commission] and appealing that order within [90] days are not satisfied."  Additionally, New Mexico courts apply the rule that where a matter is dismissed without prejudice for failure to prosecute, the applicable statute of limitations is not tolled and if the claims are later re-filed after the statute of limitations has expired, those claims are barred.  *See King v. Lujan,* 1982-NMSC-063, 98 N.M. 179, 180-81, 646 P.2d 1243, 1344-45 ("[W]e adopt the view that even though the filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed without prejudice because of a failure to prosecute, the interruption is considered as never having occurred . . . .  Following such dismissal the statute of limitations is deemed not have been suspended during the period in which the suit as pending."); *Gathman-Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin., Prop. Control Div.*, 1990-NMSC-013, 109 N.M. 492, 494-95, 787 P.2d 411, 413-14 ("Where an action is dismissed without prejudice because of a failure to prosecute, the action will be deemed not to interrupt the running of an otherwise applicable statute of limitations, and a subsequent suit filed on the same claim as the first after the statute has run will be barred."); *N.M. Uninsured Employers' Fund v. Gallegos*, 2017-NMCA-044, 395 P.3d 533, 540 (quoting *Foster v. SunHealthcare Grp., Inc*., 2012-NMCA-072, ¶ 25, 284 P.3d 389) ("[w]hen a case is dismissed without prejudice for failure to prosecute, the dismissal operates to leave the parties as if no action has been brought at all.")).

Doc. 25.  It was not until April 1, 2020, and only after receiving a formal Notice of Service that Plaintiff's counsel had personally served Plaintiff with the Motion, that the Court granted counsel's Motion and substituted Plaintiff's *pro se*.  Doc. 28.  It would be another two months, however, following an order setting telephone status conference (Doc. 30), Plaintiff's failure to appear (Doc. 31), an Order to Show Cause (Doc. 32), Plaintiff's failure to respond, and a second order setting telephone status conference (Doc. 34) before Plaintiff finally appeared and communicated with the Court.  Doc. 36.  Further, having expressed to the Court that she would have difficulty proceeding *pro se* because she would not understand the process, the Court agreed to give Plaintiff an additional thirty days, and then an additional fourteen days, to retain new counsel.[12] Docs. 36, 42.  Nonetheless, Plaintiff failed to appear at another two telephone status conferences (Docs. 40, 44) and no counsel has entered an appearance on her behalf.  All told, it has been sixteen months since this case was initiated, the first eight of which involved its removal to this Court and the dismissal of improperly joined parties, and the last five of which have been stalled for want of prosecution.  To allow the continued nonprosecution of this case is prejudicial to Defendant.  As a result, this factor weighs in favor of dismissing Plaintiff's claims pursuant to Rule 41(b).

### B.     Amount of Interference with the Judicial Process

As previously noted, this case has been stalled for the past five months.  The stall initially began when Plaintiff refused to communicate with her attorney when he moved to withdraw from this case on February 25, 2020.  As a result, the Court was unable to take action on the motion for six weeks, as opposed to what should have been two weeks in the face of a contested

---

[12] Plaintiff was on notice on March 12, 2020, that her counsel was withdrawing.  Doc. 27.  As such, Plaintiff had already had approximately two months (69 days) in which to retain new counsel by the time she asked the Court for additional time on May 20, 2020.

motion.[13]  Further, discovery had to be stayed until the motion was resolved, and a settlement conference scheduled for April 6, 2020, had to be vacated.  Doc. 25.  Once Plaintiff *pro se* was substituted for counsel, Plaintiff failed to appear at three scheduled telephone status conferences and failed to respond to the Court's Order to Show Cause.  Additionally, despite defense counsel's attempts to reach out to Plaintiff to complete outstanding discovery, Plaintiff failed to respond.[14]  Doc. 36.  As such, Plaintiff's failure to prosecute her case has interfered with, and continues to interfere with, the judicial process.  Thus, this factor also weighs in favor of dismissing Plaintiff's claims pursuant to Rule 41(b).

## C.    Culpability of the Litigants

Here, Plaintiff has flouted this Court's orders and chosen not to participate in her case despite the Court's giving her the benefit of the doubt with respect to her repeated explanations of not receiving notice,[15] despite the Court's heightened actions to ensure notice; *i.e.,* sending a separate courtesy email and telephoning Plaintiff ahead of a scheduled telephone status to remind her regarding her objection to attend, and despite the Court's repeated warnings regarding sanctions.  Thus, this factor weighs in favor of dismissing Plaintiff's claims pursuant to Rule 41.

---

[13] *See* fn. 3, *supra.*

[14] Defense counsel represented to the Court on at least two occasions that prior to Plaintiff's counsel's withdrawal the parties had completed written discovery and that the only timely noticed deposition yet to be taken was Plaintiff's. Docs. 36, 42.  Plaintiff's deposition, however, was vacated when Plaintiff's counsel moved to withdraw.  *Id.*  Defense counsel informed the Court that after Plaintiff's counsel's withdrawal, Defendant had reached out to Plaintiff in written communications regarding taking her deposition, but that Plaintiff had failed to respond.  Doc. 36.

[15] *See* fn. 7, *supra.*

### D.   Whether the Court Warned Plaintiff in Advance That Dismissal Would Be a Likely Sanction for Non-Compliance

On April 12, 2020, this Court entered an Order to Show Cause after Plaintiff failed to comply with the Court's order setting a telephone status conference.  Doc. 30.  In the Order to Show Cause, Plaintiff was ordered to show cause, in a written response, why she should not sanctioned for noncompliance with the Court's order, and warning her that failure to comply with the Order to Show Cause would constitute an independent basis for sanctions "including dismissal of this action for want of prosecution."  Doc. 32.  Plaintiff failed to respond to the Order to Show Cause.  On May 20, 2020, having accepted Plaintiff's explanation that she had not received notice of the status conference or the Order to Show Cause, the Court agreed to give Plaintiff an additional thirty days to retain counsel and quashed the Order to Show Cause.  Doc. 36.  The Court advised Plaintiff, however, that in the meantime she was proceeding *pro se* and was obligated to prosecute her case and follow the same federal and local rules of civil procedure that govern all litigants.  *Id.*  The Court further advised Plaintiff that if new counsel did not enter an appearance within thirty days, she would be required to proceed on her own.  *Id.*  The Court further warned Plaintiff that her failure to do so could result in sanctions.  *Id.*  Plaintiff acknowledged her understanding.  *Id.*  Subsequently, on June 25, 2020, when Plaintiff still had not retained counsel but represented she was in the process of retaining the Gilpin Law Firm, the Court agreed to give Plaintiff an additional fourteen days to retain new counsel.  Doc. 42.  The Court, however, again told Plaintiff that she would be required to proceed on her own if counsel failed to enter an appearance on her behalf within two weeks, and warned her that the Court would not allow this case to remain unprosecuted any longer.  *Id.*  Despite these warnings, Plaintiff continues to not prosecute her case.  These warnings favor dismissal of Plaintiff's claims pursuant to Rule 41.

12

E.     <u>**Efficacy of Lesser Sanctions**</u>

This Court has ensured that Plaintiff has had the opportunity to prosecute her case.  When Plaintiff's counsel moved to withdraw and Plaintiff refused to communicate with him, the Court required counsel to take extra steps to assure the Court that Plaintiff received proper notice.  Doc. 24.  When Plaintiff *pro se* offered explanations of lack of notice regarding her nonappearance at telephone status conferences and nonresponse to the Court's Order to Show Cause, the Court gave her the benefit of the doubt in the face of defense counsel's disputation of those explanations.  Doc. 36.  When Plaintiff *pro se* requested additional time to retain new counsel, the Court granted Plaintiff an additional forty-five days, on top of the two months she had prior to her request.[16]  Docs. 36, 42.  Yet no new counsel has entered an appearance on Plaintiff's behalf and there is no indication that new counsel is going to take over this case.  Finally, despite the Court's repeated warnings, including as recently as June 25, 2020, when the Court explicitly warned Plaintiff that it would not allow this case to continue to go unprosecuted (Doc. 42), Plaintiff failed to appear at the Court's most recent telephone status conference.  The Court, therefore, is persuaded that Plaintiff is not prepared to move this case forward and that nothing short of dismissal will be effective as an appropriate sanction when considering the history of this litigation.  For these reasons, this factor favors dismissal pursuant to Rule 41.

---

[16] *See* fn. 12*, supra.*

## RECOMMENDATION

For the reasons stated above, the Court recommends that Plaintiff's Complaint for

Damages against American Airlines be **DISMISSED**.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these
Proposed Findings and Recommended Disposition they may file written objections with the Clerk
of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with
the Clerk of the District Court within the fourteen-day period if that party wants to have
appellate review of the proposed findings and recommended disposition.  If no objections are
filed, no appellate review will be allowed.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

14